Case 4:24-cv-03648   Document 18   Filed on 01/14/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL LEE JONES, JR., § | |
| TDCJ # 01787475, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-3648 |
| § | |
| SHARON ROWE-PHILLIPS, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel Lee Jones is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). In this case, Jones claimed that the three defendants—Sharon Rowe-Phillips, Miriam Gitau, and Margaret Mubuge—caused him to be deprived of his property. On October 21, 2024, the Court dismissed Jones' claims under 28 U.S.C. § 1915A(b) for failure to state a claim on which relief can be granted under the Due Process Clause (Dkt. 12; Dkt. 13). The Court also declined to exercise supplemental jurisdiction over any state-law claims against the defendants. On November 6, 2024, Jones filed a motion for reconsideration (Dkt. 14), which the Court construes as a timely motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Having carefully considered the motion and all matters of record, the Court will deny the motion for reconsideration for the reasons explained below.[1]

---

[1] On the same day that he filed his motion for reconsideration, Jones also filed a motion for leave to file an untimely motion under Rule 59(e) (Dkt. 15). A motion under Rule 59(e) must be

1 / 4

Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the court's attention. *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* When a plaintiff seeks reconsideration under Rule 59(e) to challenge a judgment entered on the pleadings, as in this case, the motion is informed by the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863-64 (5th Cir. 2003). Under Rule 15(a), leave to amend may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Id*. at 864 (cleaned up).

In this suit, Jones alleged that the defendants were liable for property that trusty inmates stole from him because the defendants were negligent or failed to properly supervise the trusty inmates. The prior opinion determined that, because Jones alleged that the deprivation was caused by the defendants' negligence or failure to properly care for his

---

filed "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Because judgment was entered on October 21, 2024, Jones' motion for reconsideration is timely. His motion for leave to file therefore will be denied as unnecessary.

property, in violation of TDCJ procedure or policy, he had alleged an unauthorized deprivation of property (Dkt. 12, at 7) (discussing different due-process requirements for unauthorized and authorized deprivations of property). The Court held that Jones' due-process rights for the unauthorized deprivation were satisfied by Texas' statutory post-deprivation remedy (*id.*). The Court additionally held that, to the extent Jones' complaint could be construed as alleging a deprivation of property that was authorized by TDCJ policy, his due-process rights were satisfied because he had been afforded notice and an opportunity to be heard (*id*. at 8).

Jones' motion for reconsideration argues that, because TDCJ policy permits transport of inmate property by supervised trusty inmates, the deprivation of his property was caused by conduct authorized by TDCJ (Dkt. 14, at 2; *see* Dkt. 17 (letter brief discusses cases considering authorized deprivations)). The Court addressed this issue in its dismissal order, considering both unauthorized and authorized deprivations. The current motion provides no basis warranting reconsideration. *See Templet*, 367 F.3d at 479.

Jones also argues that case authority cited by the Court is inapplicable because it pertained to due-process protections for confiscated property, rather than stolen property. *See* Dkt. 14, at 4 (citing *Zinermon v. Burch*, 494 U.S. 113, 127-28 (1990); *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033, at *9 (S.D. Tex. Aug. 26, 2005)). This appears to be a distinction without a difference. Jones cites to no authority discussing different standards for cases involving theft, and the Court is aware of none. Again, he provides no valid basis for reconsideration. *See Templet*, 367 F.3d at 479.

None of Jones' arguments for reconsideration would alter the Court's determination that he failed to state a claim under the Due Process Clause upon which relief can be granted. Because his motion does not reflect any manifest error in the Court's dismissal order and does not otherwise warrant relief under Rule 15(a) or Rule 59(e), the motion for reconsideration (Dkt. 14) is **DENIED**. Jones' motion for leave to file an untimely motion (Dkt. 15) is **DENIED as unnecessary** because his motion for reconsideration was timely filed.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____January 14_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE